## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| WELLS FARGO COMMERCIAL  ) | |
| DISTRIBUTION FINANCING, LLC,  ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.    ) | CIVIL ACTION 17-0002-WS-N |
| ) | |
| MCNIDER MARINE, LLC, et al.,  ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

The plaintiff has filed a motion for temporary restraining order ("TRO") and preliminary injunction. (Doc. 6). The plaintiff has also filed a motion for an expedited hearing on the former motion. (Doc. 7).

The motions (and the verified complaint) assert that the plaintiff and the entity defendant entered into a financing agreement, pursuant to which the plaintiff has a perfected security interest in certain property, including at least some of the entity defendant's inventory; that the contract requires the entity defendant to remit to the plaintiff a portion of the proceeds of each such item of inventory sold; that the entity defendant has sold over $300,000 of inventory without remitting proceeds to the plaintiff; that the entity defendant currently holds over $800,000 of inventory subject to the contract; that the entity defendant is in default due to nonpayment; and that the entity defendant has failed and refused to surrender the remaining inventory to the plaintiff as provided in the contract. The plaintiff asserts that the continued sales of inventory out of trust reflect a "substantial risk of concealment, transfer, or other disposition of or damage to the Collateral to the injury of the Plaintiff." (Doc. 6 at 4). In addition, one of the individual defendants has recently formed a new LLC with a name similar to that of the entity defendant, "strongly suggesting the risk of diversion of assets and/or the depletion of value

from Borrower, which would directly affect Plaintiff's ability to collet any money judgment against Borrower." (*Id.*).

Without a TRO and preliminary injunction, the plaintiff asserts, it "will suffer immediate and irreparable harm in the form of the loss of its collateral through the continued [sic] of Inventory and the loss of its contractual right to recover possession of such collateral." (Doc. 6 at 5). The plaintiff states it has no adequate remedy at law because "a simple action for damages against a deteriorating business is an inadequate remedy to stop the disposition of collateral which Plaintiff has a clear right to possess." (*Id.*).

The plaintiff first seeks a TRO. A TRO cannot be issued without notice unless "specific facts" in an affidavit or verified complaint show that "immediate and irreparable" harm "will [not may] result to the movant before the adverse party can be heard in opposition" and the plaintiff's attorney certifies in writing "why [notice] should not be required." Fed. R. Civ. P. 65(b)(1). The plaintiff does not attempt to meet this demanding standard. Instead, the plaintiff states it has satisfied the notice requirement because it has sent the complaint and the two instant motions to the defendants by e-mail and regular mail and "is serving" these documents by special process server. (Doc. 7 at 2). The plaintiff does not confirm that the defendants have received any of these communications, nor does it cite any authority for the proposition that the mere act of sending notice, without actual receipt, takes the case outside of Rule 65(b)(1). The motion for TRO must be denied on that ground alone.

As the plaintiff acknowledges, (Doc. 6 at 6), neither a TRO nor a preliminary injunction can be granted without a showing that such relief is necessary to prevent irreparable harm to the plaintiff. "An injury is 'irreparable' only if it cannot be undone through monetary remedies." *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987); *accord Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010). The sale of collateral out of trust, and the failure to surrender remaining collateral, may hamper the plaintiff's ability to be made whole through

vindication of its security interest but, without a showing that the collateral represents the only means by which the entity defendant can repay its debt, it is unclear how the plaintiff can demonstrate that it cannot be made whole by an award of monetary damages.  While the plaintiff posits that the entity defendant is "deteriorating," the only evidence it cites in support is the entity defendant's failure to remit proceeds of inventory sales.  (Doc. 6 at 6).  The sole case on which the plaintiff relies (an unpublished trial court decision from Oklahoma) did not rest on such a generous extrapolation but on evidence of the borrower's "financial position," which "gives no assurance that Borrowers are now able or might soon become able to fully repay the amounts owed on their Loan" independently of the collateral.  *American Bank and Trust Co. v. Bond International Ltd.*, 2006 WL 2385309 at *9 (N.D. Okla. 2006).  Here, in contrast, the plaintiff has offered no evidence of the entity defendant's underlying financial position.[1]  The formation of another LLC with a similar name may suggest the creation of a similar business but it does not, without more, suggest the entity defendant will transfer either the collateral or other assets to the new LLC; certainly the plaintiff provides no reason to assume otherwise.[2]

For the reasons set forth above, the plaintiff's motion for TRO and preliminary injunction is **denied**, without prejudice to the plaintiff's ability to seek such relief upon a proper showing.  The plaintiff's motion for expedited hearing is **denied as moot**.

---

[1] Nor has the plaintiff addressed the financial condition of the individual defendants, who furnished guaranties of the entity defendant's debts.

[2] The plaintiff concedes that Judge DuBose correctly decided *Agco Corp. v. Massey Tractor Co.*, 2009 WL 1010047 (S.D. Ala. 2009), but insists that case is distinguishable because the debtor's ability to repay the debt from assets or funds other than the collateral was "unknown."  (Doc. 6 at 7 n.2).  The ability of the entity defendant to repay its debt from other sources is equally unknown, despite the plaintiff's unsupported assumption of "deteriorating finances," (*id*.), and of bad motives behind the creation of another LLC.

DONE and ORDERED this 6th day of January, 2017.

                                              s/ WILLIAM H. STEELE
                                              CHIEF UNITED STATES DISTRICT JUDGE