IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WELLS FARGO COMMERCIAL DISTRIBUTION FINANCING, LLC,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION 17-0002-WS-N<br>) |
| **MCNIDER MARINE, LLC, et al.,** | )<br>) |
| Defendants. | ) |

**ORDER**

    The plaintiff in this detinue action has filed a motion for prejudgment writ of seizure or, in the alternative, for an order directing the defendants to turn over collateral. (Doc. 11). The plaintiff invokes Alabama Rule of Civil Procedure 64(b), by way of Federal Rule of Civil Procedure 64(a).

    The plaintiff seeks issuance of a writ of seizure without notice or a hearing. Alabama Rule 64(b) provides for such relief if certain requirements are met. First, the plaintiff must file an affidavit: describing the claimed property with sufficient specificity; confirming the plaintiff's right to possession and its source and attaching a copy of any instrument on which the right is based; setting forth specific facts showing the defendant's wrongful detention and the cause thereof; and setting forth specific facts showing a risk of concealment, transfer or other disposition or damage to the property to the injury of the plaintiff before a hearing could be had. Ala. R. Civ. P. 64(b)(1)(A)-(D). The plaintiff has filed an affidavit meeting these requirements. (Doc. 11-1).

    Second, the Court, upon examination of the complaint, the motion and the affidavit and attachments thereto, must find a real risk of concealment, transfer or other disposition of or damage to the property by permitting it to remain in the defendants' possession pending a hearing. Ala. R. Civ. P. 64(b)(2)(A)-(B). For

the reasons stated in these materials, the Court finds such a risk of transfer or other disposition of the plaintiff's collateral before a hearing could be held.[1]

The procedures of Rule 64(b) "are superimposed over the statutory procedure that otherwise exists in such cases." Ala. R. Civ. P. 64 committee comments. Thus, in a detinue action such as this one, "the requirement of posting a bond as a necessary step in obtaining prejudgment seizure as set forth at Code of Ala., § 6-6-250, remains in effect …." *Id*. The plaintiff has posted a bond compliant with Section 6-6-250. (Doc. 12).

For the reasons set forth above, the motion for prejudgment writ of seizure is **granted**. The plaintiff is **ordered** to submit a proposed writ of seizure that includes all the provisions and language required by Alabama Rule 64(b) and other applicable law.[2] The plaintiff's alternative motion for an order directing the defendants to turn over collateral is **denied as moot**.[3]

DONE and ORDERED this 23rd day of January, 2017.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Most importantly, but not exclusively, the Court notes the plaintiff's evidence that the defendants, after objection from the plaintiff, have continued to sell inventory out of trust, including almost $70,000 in a single week prior to Christmas and over $11,000 since then. (Doc. 11-1 at 3-4, 16).

[2] In submitting the proposed order to chambers, the plaintiff is to comply with the District's Administrative Procedure for Filing, Signing and Verifying Documents by Electronic Means, available on the District's website under the tab, "Electronic Case File."

[3] Were it not moot due to the granting of the principal motion, the alternative motion would be denied for failure to provide any briefing in support thereof.